# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SANTONIO MURRAY,
An Individual,

      Plaintiff,

VS.

JPMORGAN CHASE BANK, N.A.,
A Corporation,

      Defendant.

Case No. 2:25-cv-12852

Hon. Laurie J. Michelson

---

## DEFENDANT JPMORGAN CHASE BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, hereby answers the Complaint ("Complaint") of Plaintiff, Santonio Murray ("Plaintiff"), and asserts its affirmative defenses as follows:

## PARTIES

1.    PLAINTIFF, Santonio Murray (hereinafter "PLAINTIFF"), resides in Oakland County, Michigan.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

2. DEFENDANT, JP Morgan Chase Bank, N.A. (hereinafter "CHASE BANK"), upon information and belief, is a national banking institution that owns and operates over 200 established offices in the Eastern District of Michigan.

**ANSWER: Chase admits only that it is a national bank with its main office located in Columbus, Ohio.**

3. This action is brought pursuant to 42 U.S.C. §1981, as Plaintiff brings this action against JP Morgan Chase Bank, N.A., for racial discrimination.

**ANSWER: Chase admits that the Complaint purports to assert claims pursuant to 42 U.S.C. § 1981. Chase denies that it has violated 42 U.S.C. § 1981. Chase does not contest jurisdiction.**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1343, and §1367.

**ANSWER: To the extent the allegation infers that Chase is liable for damages or that Plaintiff is entitled to damages, Chase denies the allegation. Chase does not contest jurisdiction.**

5. Venue is proper under 28 U.S.C. §1391(b), as the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER: To the extent the allegation infers that Chase is liable for damages or that Plaintiff is entitled to damages, Chase denies the allegation. Chase does not contest venue.**

Case 2:25-cv-12852-LJM-DRG   ECF No. 10, PageID.54   Filed 12/08/25   Page 3 of 19

## FACTUAL ALLEGATIONS

6. On or around May 1, 2025, PLAINTIFF received a tax refund check from the United States Treasury Department (hereinafter "IRS").

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

7. The check was in the amount of $413,168 (See Exhibit 1, Check).

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs. Answering further, the purported check speaks for itself.**

8. On May 1, 2025, PLAINTIFF deposited the check into his CHASE BANK account located at 32481 Chesterbrook St., Farmington Hills, MI 48334-2719.

**ANSWER: Chase admits only that Plaintiff attempted to deposit a check in account XXXXX-5152, lacks sufficient information to form a belief as to the truth of the remaining allegations, and leaves Plaintiff to his proofs**.

9.   A hold was placed on the check for 11 days and PLAINTIFF was told that the funds would be available on or before May 12, 2025 (See Exhibit 2, Deposit Receipt).

**ANSWER:  Chase admits only that a hold was placed on the check, neither admits nor denies the remaining allegations contained in this paragraph because the attached Exhibit 2 and related account documentation speaks for themselves.**

10.   On May 12, 2025, PLAINTIFF attempted to log into his CHASE BANK Mobile account to access some money, but was unsuccessful.

**ANSWER:  Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

11.   PLAINTIFF called CHASE BANK to inquire about why his mobile account was not working, and he was directed to CHASE BANK's Fraud Department.

**ANSWER:  Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

12. PLAINTIFF contacted CHASE BANK Fraud Department, and he was then directed to CHASE BANK's back office.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

13. A CHASE BANK back-office employee informed PLAINTIFF that the IRS was being contacted to determine if the check was authentic.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

14. PLAINTIFF was told this verification could take up to thirty days.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations (and it is impossible to answer this allegation as it fails to identify who purportedly made the statement), and leaves Plaintiff to his proofs.**

15. On May 21, 2025, PLAINTIFF learned that the verification did not take thirty days, so PLAINTIFF contacted a CHASE BANK representative by

5

telephone, and learned that the check had been verified by the IRS on May 2, 2025. (See Exhibit 3) *

> **ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs. By way of further answer, Exhibit 3 speaks for itself.**

16.   PLAINTIFF could not get any answers from the location where the account was opened.

> **ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

17.   So, PLAINTIFF decided to go into the CHASE BANK located at 38601 West Twelve Mile Rd., Farmington, MI 48331, to discuss the check issue.

> **ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

18. A CHASE BANK representative stated to PLAINTIFF, "we've been getting a lot of fraudulent checks from you people," directly referencing PLAINTIFF's race.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations (and it is impossible to answer this allegation as it fails to identify who purportedly made the statement), and leaves Plaintiff to his proofs.**

19. Furthermore, during that same visit, PLAINTIFF was also told by one of CHASE BANK's employee when she was shown his W-2 Form, "at least you did one smart thing, you withheld $180,006.00 in your gambling winnings to pay your taxes. I don't know if you thought of that yourself or if someone told you to do that, but that was smart." (See Exhibit 3, W-2 Form).

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations (and it is impossible to answer this allegation as it fails to identify who purportedly made the statement), and leaves Plaintiff to his proofs. By way of further answer, Exhibit 3 is an audio file.**

20. These statements humiliated PLAINTIFF, who understood to be derogatory and racist comments suggesting African Americans were more likely to commit fraud, were not intelligent, and that they didn't pay taxes.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations (and it is impossible to answer this allegation as it fails to identify who purportedly made the statement), and leaves Plaintiff to his proofs.**

21. PLAINTIFF was then directed to contact someone from their fraud department.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations (and it is impossible to answer this allegation as it fails to identify who purportedly made the statement), and leaves Plaintiff to his proofs.**

22. PLAINTIFF spoke with an employee named Jennifer who stated she would be working on his fraudulent check claim.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

23. PLAINTIFF was again humiliated hearing that he was being accused of fraud.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

24. These accusations were being made despite the fact that CHASE BANK had verified the check with the IRS on May 2, 2025.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue.**

25. On May 27, 2025, Jennifer instructed PLAINTIFF to send in his tax returns, his tax transcripts, and any other supporting documentation to verify the legitimacy of the tax refund check.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

26. CHASE BANK's request to review PLAINTIFF's tax filings was troubling because this request is not CHASE BANK's job.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

27. PLAINTIFF complied with Jennifer's demands and submitted the requested information to CHASE BANK.

**ANSWER:  Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

28. PLAINTIFF was accused of filing fraudulent tax returns with a potentially fake social security number. These accusations were false, malicious, and racially motivated.

**ANSWER:  Chase denies the allegations contained in this paragraph as untrue.**

29. PLAINTIFF was told that despite what the IRS had determined - his tax returns were fraudulent.

**ANSWER:  Chase neither the allegations contained in this paragraph as untrue.**

30. CHASE BANK demanded that PLAINTIFF be available to schedule a conference call with the IRS to discuss his fraudulent filing of his income tax return.

**ANSWER:  Chase denies the allegations contained in this paragraph as untrue, and leaves Plaintiff to his proofs.**

31. PLAINTIFF spoke to CHASE BANK and the IRS representative on a conference call, and again the IRS verified the PLAINTIFF's information.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

32. Then, towards the end of June of 2025, PLAINTIFF received a call from Jennifer stating there was nothing she could do, it was out of her hands, and that PLAINTIFF had to contact the IRS.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

33. On July 20, 2025, Jennifer informed PLAINTIFF that CHASE BANK would be returning the money back to the IRS.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

34. PLAINTIFF contacted the IRS and learned that the IRS refused to reclaim the money from CHASE BANK, and told the CHASE BANK's representative to release the money to PLAINTIFF.

**ANSWER: Chase neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

35. CHASE BANK refused to release PLAINTIFF's money, and closed his account, further compounding the harm to his reputation and financial stability.

**ANSWER: Chase only admits to closing Plaintiff's account and that all related actions were, at all relevant times, consistent with the Deposit Account Agreement. By way of further answer, Chase neither admits nor denies the remaining allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to his proofs.**

36. PLAINTIFF further learned that CHASE BANK was planning to send PLAINTIFF's money to the state of Michigan as unclaimed funds.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue.**

37. CHASE BANK's actions were not the result of ordinary business practices, but were rooted in racial bias and discriminatory treatment of PLAINTIFF as an African American customer.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue.**

38. As of the filing of this complaint, CHASE BANK has not released $413,168 to PLAINTIFF.

**ANSWER: Chase admits the allegations contained in this paragraph as true.**

## COUNT ONE
## 42 U.S.C. § 1981

39. PLAINTIFF incorporates by reference the above paragraphs.

**ANSWER: Chase adopts and incorporates by reference each and every allegation contained in the preceding paragraphs as if more specifically set forth herein word for word and paragraph by paragraph.**

40. Under 42 U.S.C. § 1981, all persons within the jurisdiction of the United States have the same right as white citizens to make and enforce contracts, to sue, to give evidence, and to enjoy the full and equal benefit of all laws.

**ANSWER: The allegations in this paragraph are legal conclusions and statements to which no response is required.**

41. The relationship between PLAINTIFF and CHASE BANK, including the acceptance of deposits and access to account funds, constitutes a contractual relationship within the meaning of § 1981.

**ANSWER: The allegations in this paragraph are legal conclusions and statements to which no response is required.**

42. CHASE BANK intentionally interfered with PLAINTIFF's contractual rights by:

   a. singling him out for heightened scrutiny of his deposit based on his race;

   b. making racially derogatory remarks such as "you people," which reflected discriminatory intent;

   c. accusing him of fraudulent tax filings and use of a false Social Security number despite having no legitimate factual basis; and

   d. closing his account and withholding funds despite confirmation of the check's authenticity.

**ANSWER: Chase denies the allegations contained in this paragraph 42a-42d as untrue.**

43. These actions and comments were not taken against similarly situated white customers, but rather were directed at PLAINTIFF because of his race and ethnicity.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue.**

44. As a direct and proximate result, PLAINTIFF suffered denial of equal treatment in the making and enforcement of contracts, financial injury, loss of

access to his own funds, humiliation, severe emotional distress, and damage to his dignity.

**ANSWER:  The allegations in this paragraph are legal conclusions and statements to which no response is required. To the extent an answer is required, Chase denies the allegations contained in this paragraph as untrue.**

**COUNT TWO
DEFAMATION**

45. PLAINTIFF incorporates by reference the above paragraphs.

46. Defendants, acting through their employees and representatives, published false statements of fact about PLAINTIFF, including but not limited to:

    a. that PLAINTIFF submitted fraudulent tax returns; and

    b. that PLAINTIFF used a fake Social Security number.

**ANSWER:  Chase denies the allegations contained in this paragraph 46a-46b as untrue.**

47. These statements were communicated to third parties, including CHASE BANK staff, supervisors, and outside agencies such as the IRS.

**ANSWER:  Chase denies the allegations contained in this paragraph as untrue.**

48. The statements were not mere opinion but assertions of fact that directly impugned PLAINTIFF's honesty, integrity, and lawfulness.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue .**

49. Such statements are defamatory per se because they accuse PLAINTIFF of crimes involving fraud and dishonesty.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue.**

50. Defendants made the statements negligently, recklessly, or with actual malice, knowing them to be false or with reckless disregard for their truth or falsity.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue.**

51. As a direct and proximate result, PLAINTIFF has suffered severe damage to his personal and professional reputation, severe emotional distress, and financial loss.

**ANSWER: Chase denies the allegations contained in this paragraph as untrue.**

**WHEREFORE, Chase respectfully requests that the Court dismiss Plaintiff's Complaint, and award Chase its reasonable attorney's fees and costs, and any other relief that the Court deems just and proper.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to state a claim against Chase upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the terms and conditions of applicable contractual agreements between the parties.

3. Plaintiff's claims fail, in whole or in part, because Chase exercised good faith when dealing with any and all funds.

4. Plaintiff's claims fail, in whole or in part, because of the equitable doctrine of unclean hands.

5. Plaintiff's claims fail, in whole or in part, because of the equitable doctrine of estoppel.

6. Plaintiff's damages, if any, were caused or are the result of their own omissions, actions and/or inactions and/or the acts, conduct, omissions, activities, careless, reckless, negligence, and/or intentional misconduct or intervening actions and/or inactions of others, and Plaintiff's damages, if any, were not proximately caused by any actions or inactions of Chase.

7. Chase acted in good faith, in a commercially reasonable manner, and consistent with the requirements of the law.

8. Although Chase denies any liability in this matter, Chase contends that any alleged acts or omissions of Chase giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Chase. Chase acted in a reasonable manner in connection with the transaction at issue in this action.

9. Plaintiff's claims fail, in whole or in part, because Plaintiff may not recover more than the amount of their interest in a negotiable instrument.

10. Plaintiff's claims fail, in whole or in part, because Chase was not the proximate cause of Plaintiff's alleged injury.

11. Plaintiff's claims against Chase are barred because they have suffered no damages compensable from Chase.

12. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate damages.

13. Chase reserves the right to amend its Answer and to claim additional affirmative defenses as discovery in this matter progresses.

**WHEREFORE**, Chase respectfully requests that the Court dismiss Plaintiff's Complaint, and award Chase its reasonable attorney's fees and costs, and any other relief that the Court deems just and proper.

*/s/ Thomas J. Vitale*
Aimee R. Gibbs (P70522)
Thomas J. Vitale (P74083)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1653
agibbs@dickinsonwright.com
tvitale@dickinsonwright.com

*Attorneys for JPMorgan Chase Bank, N.A.*

## PROOF OF SERVICE

I hereby certify that on December 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Electronic Court Filing system which will send notification of such filing to all parties of record.

*/s/ Thomas J. Vitale*
