# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SANTONIO MURRAY,
An Individual,

        Plaintiff,

VS.

JPMORGAN CHASE BANK, N.A.,
A Corporation,

        Defendant.

Case No. 2:25-cv-12852

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

## RULE 26(f) JOINT CASE MANAGEMENT REPORT AND DISCOVERY PLAN

Plaintiff Santonio Murray ("Plaintiff") and Defendant JPMorgan Chase Bank, N.A. ("Defendant"), through their respective counsel of record, jointly submit this Joint Case Management Report and Discovery Plan. A Case Management and Scheduling Conference is scheduled for January 7, 2026, at 11:00 A.M. Appearing for the parties as counsel will be Ivan Land for Plaintiff and Thomas Vitale for Defendant.

**1.** **Related Cases:**

There are no related cases.

2. **<u>Jurisdiction:</u>**

Plaintiff alleges that the Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as specifically under 28 U.S.C. § 1343, based on purported violations of Plaintiff's civil rights under 42 U.S.C. § 1981. Plaintiff alleges that the Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367. Defendants do not contest jurisdiction.

3. **<u>Venue:</u>**

Plaintiff's allegations relate to events that purportedly occurred within this district; accordingly, venue is proper.

4. **<u>Factual Summary:</u>**

Counsel drafted the following summaries of their respective client positions and the principal factual and legal issues. The signatures on this document are not an admission to the validity of any claim or defenses set forth, do not constitute a waiver of any claims or defenses in the pleadings, and do not indicate agreement with any of the facts or legal issues presented.

**<u>PLAINTIFF</u>:**

On May 1, 2025, Santonio Murray, an African-American male, entered a Chase Bank branch and deposited a United States Treasury tax refund check issued by the Internal Revenue Service in the amount of $413,168. Mr. Murray was

informed that a hold would be placed on the check and that the funds would be available on or before May 12, 2025.

On May 12, 2025, Mr. Murray learned that his Chase Bank account had been closed and that the matter had been referred to Chase Bank's Fraud Department. Over the following weeks, Mr. Murray repeatedly demanded release of the funds after learning that the Internal Revenue Service had already verified the authenticity of the check with Chase Bank.

On or about May 21, 2025, a Chase Bank representative informed Mr. Murray on a recorded telephone conversation that the IRS had verified the check on May 2, 2025, just one day after the deposit was made. Despite this confirmation, Chase Bank continued to refuse to release the funds.

Mr. Murray made several in-person visits to the Chase Bank branch located at 38601 West Twelve Mile Road, Farmington Hills, Michigan in an effort to resolve the matter. During one visit, a branch manager made a remark suggesting surprise at Mr. Murray's financial knowledge, stating words to the effect of: That's good that you had the casino withhold some of your winnings for tax purposes.

During another visit to the same branch, a Chase Bank representative stated to Mr. Murray, "we've been getting a lot of fraudulent checks from you people," directly referencing Mr. Murray's race. This statement was made in the presence of Mr. Murray's friend, Darius Hatcher, who witnessed the interaction. As of today's

3

date, Chase Bank has refused to release Mr. Murray's money after over seven months with no explanation.

**DEFENDANT:**

Plaintiff initiated the present action against Defendant, asserting that Defendant singled Plaintiff out for heightened scrutiny of his deposit based on his race. This case, in actuality, arises from Defendant's good faith and contractually authorized efforts to prevent potential fraud. Defendant followed its Deposit Account Agreement ("DAA") and standard fraud prevention procedures, placed a hold on the funds pending verification and eventually closed Plaintiff's account pursuant to the DAA. Defendant acted pursuant to the DAA, which expressly authorizes it to hold funds under precisely these circumstances—where Defendant suspects fraud, receives conflicting information regarding the validity of a check, or reasonably believes such action is necessary to prevent loss or reduce risk. Plaintiff's claim under 42 U.S.C. § 1981 should fail because Plaintiff does not, and cannot establish *any* facts showing that race played *any* role in Defendant's determination to properly place a hold on the check deposit based on Defendant's investigation and Defendant's ultimate action of closing the account at issue. Based on similar reasoning, Plaintiff will not be able to establish the elements of defamation because Defendant's hold, verification efforts, and ultimate closure of the account were expressly authorized by the DAA's provisions allowing Defendant to hold funds or

reverse transactions to prevent loss or fraud. Further, no actionable comments were made and no actual injury occurred as a result of Defendant's action, as is necessary to establish a defamation claim.

5. **Legal Issues:**

   **PLAINTIFF:**

   1. Whether Defendant's heightened scrutiny and derogatory remarks reflected discriminatory intent?

   2. Whether Defendant's false assertions regarding fraudulent tax returns and fake social security numbers constitute defamation per se?

   **DEFENDANT:**

   1. Did Defendant violate 42 U.S.C. § 1981 based on Defendant's hold, verification efforts, and ultimate closure of Plaintiff's account?

   2. Did Defendant make defamatory statements to third parties resulting in actual injury to Plaintiff?

6. **Amendment of Pleadings:**

   The Parties agree that amendments can be filed within 21 days of this order being entered.

7. **Discovery:**

   a. <u>Summary of Discovery</u>: Discovery will cover all subjects allowable under Rule 26 and will pertain to all subjects reasonably calculated to

            lead to relevant evidence and proportional to the needs of the case, and not protected from disclosure. The Parties agree that 120 days should be sufficient for discovery. As such, the discovery cut-off date would be May 7, 2026 (*see proposed dates/schedule below at Paragraph 12*).

b.    <u>Proportionality Requirements</u>: The parties agree to follow the proportionality requirements of Rule 26(b)(1) based on the considerations that bear on proportionality present in Rule 26(b)(2)(C)(iii).

c.    <u>Witnesses & Documents:</u>

    **PLAINTIFF:**

        Key Witnesses:

1. Santonio Murray, c/o Plaintiff's Counsel;
2. Darius Hatcher, c/o Plaintiff's Counsel
3. Chase Employee who made statement about you people, c/o Counsel for Chase

        Key Documents:

1. Internal Revenue Service Check
2. Deposit Receipt from Chase displaying the deposit and the release of funds date that has been provided.

      3. May 2, 2025, Recorded Transaction where the Chase Bank Representative confirmed that the funds were made available by the IRS.

**DEFENDANT:**

    Key Witnesses:

      1. Santonio Murray, c/o Plaintiff's Counsel;

      2. JP Morgan Chase Corporate Designee, c/o Defendant's Counsel; and

    Key Documents:

      1. Deposit Account Agreement

d. <u>Document requests Submitted to Date</u>: n/a

e. <u>Privilege Log</u>: The Parties agree to serve a privilege log within fourteen (14) days of the other Parties' written request. The Parties further acknowledge that certain information, documents or materials sought in discovery may be privileged and protected from discovery. For example, Defendant is prohibited from disclosure of certain materials under Federal law. See e.g., 31 U.S.C. § 5318. Further, Defendant is prohibited by the Bank Secrecy Act and Federal regulation from disclosing suspicious activity reports ("SARs") and material related to SARs, including any material that would disclose whether or not a

7

       particular SAR was filed. Defendant is also prohibited by the Gramm-Leach-Bliley Act and Federal regulation from disclosing its customers and consumers nonpublic personal information. The prohibition against disclosure cannot be waived by Chase.

f. <u>Protective Order:</u>   A protective order is necessary to protect financial information, personal data and/or other sensitive information.

**8.** **<u>Electronic Discovery:</u>**

The parties agree that electronically stored information is subject to disclosure and is within the scope of discovery; it may be produced in digital format. The parties will take steps to preserve all discoverable information.

**9.** **<u>Settlement:</u>**

**<u>PLAINTIFF:</u>**

Plaintiff has made a demand for the full return of Plaintiff's funds, plus interest and attorney fees. Defendants have refused to respond. **Plaintiff requests an immediate settlement conference to avoid costly litigation.**

**<u>DEFENDANT:</u>**

The parties have not engaged in settlement negotiations to date, but will continue to assess and explore the possibilities for settlement. The parties are not interested in Case Evaluation, but would consider other methods of alternative dispute resolution after discovery closes.

8

**10.     Consent to Jurisdiction of a United States Magistrate Judge:**

The parties consent to the jurisdiction of a United States Magistrate Judge.

**11.     Trial:**

This case is to be tried before a jury. The parties estimate that a jury trial in this matter should take approximately 1-2 full days. The Parties will be prepared for trial on or before September 23, 2026.

**12.     Miscellaneous/Proposed Schedule and Dates:**

| Event/Deadline | Proposed Date |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | January 14, 2026 |
| Amendment of Pleadings | January 23, 2026 |
| Interim Status Conference | January 2026 |
| Lay and Expert Witness Lists | March 16, 2026 |
| Exhibit List | March 16, 2026 |
| Fact Discovery Cutoff | May 7, 2026 |
| Expert Witness Disclosures/Report by Plaintiff | May 21, 2026 |
| Expert Witness Disclosures/Report by Defendants | June 20, 2026 |
| Expert Discovery Cutoff | July 22, 2026 |
| Dispositive Motions | August 3, 2026 |
| Challenges to Experts | August 20, 2026 |
| Motions *in Limine* | September 8, 2026 |
| Joint Final Pretrial Order | September 11, 2026 |
| Final Pretrial Conference | September 16, 2026 |
| Jury Trial | September 23, 2026 |

Respectfully submitted,

| | |
|---|---|
| /s/ *Ivan L. Land (w/permission*_____ | /s/ *Thomas J. Vitale*_____ |
| Ivan L. Land (P65879) | Thomas J. Vitale (P74083) |
| Attorney for Plaintiff | Attorney for Defendant |

Dated: January 2, 2026