UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTONIO MURRAY,
An Individual,

      Plaintiff,

VS.

JPMORGAN CHASE BANK, N.A.,
A Corporation,

      Defendant.

Case No. 2:25-cv-12852

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

## **STIPULATED PROTECTIVE ORDER**

This matter having come before the Court upon the stipulation of the Parties, by and through their respective counsel for the purpose of entering a Protective Order pursuant to L.R. 26.4 with respect to the production of documents in the above-captioned action ("Action"); and the Court being otherwise fully advised.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that:

1.    As used in this Order, "document," "information," or "material" shall include any written, printed, typed, photographed, recorded or graphic materials, however produced or reproduced, of any kind or description, including material that is created and/or retained by electronic means, including photographs and videotape, as well as any animate objects.

1

2. As used in this Order, "Confidential" means any confidential business, commercial, personnel, or personal protected information, documents, materials, and/or proprietary information, including any document, photograph, video recording, deposition testimony or trial testimony, or any portion thereof, which contains such information.

3. The Parties may designate as Confidential any document, information or material they produce in this Action containing Confidential information. The designation as Confidential may be made at the time of production by placing (in such manner as will not interfere with the legibility) the word: "CONFIDENTIAL," or by providing the party receiving the documents, information, or material (the "Receiving Party") with written notice. The entire document that contains such notice, and the information contained in such materials, shall be treated as Confidential unless the party producing the document (the "Producing Party") shall clearly indicate that only a portion of it is to be treated as Confidential. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice.

4. Any Personally Identifiable Information ("PII") and/or account, financial or other information related to individuals other than Parties in this Action shall be considered Highly Confidential and shall be redacted. PII related to the

Parties in this Action will be disclosed only to the extent necessary to properly identify the Parties and address the claims in this action.

5. Notwithstanding anything contained herein to the contrary, Chase will not disclose material prohibited from disclosure under Federal law. *See e.g.*, 31 U.S.C. § 5318 and 15 U.S.C. § 6801. Chase is prohibited by the Bank Secrecy Act and Federal regulation from disclosing suspicious activity reports ("SARs") and materials that would disclose whether or not a particular SAR was filed. Chase is also prohibited by the Gramm-Leach Bliley Act and Federal regulation from disclosing its customers and consumers nonpublic personal information unless an exception applies. The prohibition against disclosure cannot be waived by Chase.

6. Documents and materials designated Confidential, and the information contained therein shall not be made available or disclosed to any person except as follows:

   a. The Parties;

   b. The Court, Court personnel, Court-appointed experts, case evaluators, mediators, and Court videographers and reporters in the Action;

   c. Counsel for the parties, including corporate counsel, and their support staff such as administrative and legal assistants;

   d. In-house counsel (whether employees or contractors) for the Parties, including in-house counsel's support staff such as administrative and legal assistants;

    e.  Experts (and their assistants), who shall not be employees of any Party in this case, retained for the purpose of assisting in the prosecution or defense of the Action;

    f.  Deposition witnesses or trial witnesses for deposition or trial preparation, and at the time that deposition or trial testimony is given; and

    g.  Business and technical personnel employed by the Parties assisting in the prosecution or defense of the Action, as the case may be.

To the extent a Receiving Party makes Confidential information available to any of the foregoing people, the Receiving Party shall be responsible for instructing such person (each of which shall become a Receiving Party) of its obligations under this Order.

7.    Confidential documents and material, or information derived therefrom, shall be used solely for the purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, or governmental purpose. Nothing in this Order shall be construed as granting the Receiving Party any license or right to utilize any of the Confidential material, which shall remain the property of the Producing Party. Notwithstanding the foregoing, nothing in this Order shall limit in any manner a Party's own use of its own materials or documents it designates to be Confidential.

8. Confidential information which is marked as an exhibit in a deposition or other discovery document remains Confidential, and may not be disclosed by the Receiving Party except in accordance with this Order.

9. Any Party may object to the designation of any particular document or material as Confidential by giving written notice of such objection to the Producing Party. Such written notice shall identify that document or material to which the objection is directed and the basis of the objection. If the objecting Party and the Producing Party are unable to resolve their differences within ten (10) days from the time the notice is received, the objecting Party may file an appropriate request for the Court to rule that the disputed document/material should not be subject to the protection of this Order. The disputed material shall remain Confidential and subject to the terms of this Order unless and until the Court rules otherwise. The party or non-party seeking to maintain the classification of the material as Confidential Information shall have the burden of proving that such classification is warranted under the standards of the Federal Court Rules.

10. Confidential information may be used at trial to the extent it is admissible or otherwise permitted by applicable court rules or rules of evidence. A Receiving Party intending to use at trial material designated by the Producing Party as Confidential shall notify the Producing Party of that intention prior to trial. Any

concerns regarding the use of such materials at trial shall be raised by the Party seeking protection prior to trial.

11. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. The Party seeking to file any paper under seal shall file and serve a motion.

12. Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. If a motion to seal is granted, the documents to be filed under seal shall be delivered sealed to the Clerk of the Court in a 9 x 12 inch envelope, and shall not be available for public inspection. Any envelope used to seal such documents shall have the following information printed on its face: (a) the name of the court; (b) the title of the case; (c) the case number; (d) the name of the document; (e) the attorney's name, address, and the Party he or she represents; and (f) the following language: "FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER."

13. If information, documents or other material subject to a claim of attorney-client privilege, work product, or any other privilege upon which production of such information may be withheld from counsel is inadvertently produced, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which the producing party would otherwise be entitled. If

a claim of inadvertent production is made pursuant to this paragraph, counsel shall promptly return to the producing party that material as to which the claim of inadvertent production has been made (including all copies) and make no use of or reference to such documents, information, or material.

      14.    At the conclusion of trial and/or any appeals or other termination of this Action, all Confidential documents and materials received under the protections of this Order, and all copies, shall be returned to the Producing Party or destroyed, at the Producing Party's sole option, within 60 days, except for documents and materials that the Non-Producing Party would be entitled to receive in the ordinary course outside of litigation. The provisions of this Order requiring confidentiality shall continue after the conclusion of this Action. Notwithstanding the foregoing, counsel for the parties are permitted to retain archival copies of the confidential information created or retained by operation of counsel's retention policies, or back-up and disaster recovery tools, including documents embedded in emails, subject to this Order's continuing restrictions on the use of such documents.

**SO ORDERED.**

Dated: 2/23/26                                            s/David R. Grand

                                                                                   U.S. District Magistrate Judge

**SO STIPULATED:**

Dated:  February 16, 2026                                              Dated: February 16, 2026


/s/ *Ivan L. Land*                                                            /s/*Thomas J. Vitale*
Ivan L. Land (P65879)                                               Aimee R. Gibbs (P67020)
Law Offices of Ivan L. Land, P.C.                          Thomas J. Vitale (P74083)
25900 Greenfield Rd., Suite 210                           DICKINSON WRIGHT PLLC
Oak Park, MI 48237                                                 350 S. Main Street, Suite 300
248.968.4545/(f)248.968.4540                            Ann Arbor, MI  48104
*Attorneys for Plaintiff*                                             (734) 623-1653/ (844) 670-6009 (fax)
                                                                                     agibbs@dickinsonwright.com
                                                                                     dbridges@dickinsonwright.com
                                                                                     *Attorneys for JPMorgan Chase Bank*


4932-0844-4557 v1 [9-747]

8